**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| TONY CURRUTHERS,<br>a/k/a Tony Neely,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 2:13-cv-02556-SHM<br>Cr. No. 2:09-cr-20439-SHM-1 |

---

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 41)**

---

On July 22, 2013, *pro se* Movant Tony Curruthers filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1 (the "§ 2255 Motion").) On August 18, 2015, Curruthers filed a motion to amend his § 2255 Motion based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). (ECF No. 8.) On October 21, 2019, Curruthers filed a second motion to amend his § 2255 Motion based on the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019). (ECF No. 24.)

On July 10, 2020, the Court denied Curruthers' motions and entered judgment. (ECF Nos. 34 & 35.) Curruthers appealed. (ECF No. 38.) On February 24, 2021, the United States Court of Appeals for the Sixth Circuit denied Curruthers' application for a certificate of appealability. (ECF No. 40.)

On March 18, 2021, Curruthers filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) & (4) and 60(d)(3). (ECF No. 41 (the "Rule 60 Motion").) Curruthers alleges that the Government "fraudulently concealed" and planted evidence to support the charge under 18 U.S.C. § 922(g) and that the Government has a history of framing Black men.

(*Id.* at PageID 253.) Curruthers alleges that the Court "fraudulently conceal[ed] personal bases and prejudices." (*Id.*) He alleges that the Court has a dislike of African-Americans, particularly Black males. (*Id.*) Curruthers also attacks "the integrity of 28 U.S.C. § 2255." (*Id.*)

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relief a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed. R. Civ. P] 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(d)(3) provides that Rule 60 "does not limit a court's power to set aside a judgment for fraud on the court." *See* Fed. R. Civ. P. 60(d)(3).

To obtain relief under 60(b)(3), a party must establish "by clear and convincing evidence that [the nonmovant] deliberately engaged in some act of fraud, misrepresentation or other misconduct that adversely affected the fairness of the proceedings." *Thurmond v. Wayne Cnty. Sheriff's Dep't*, 564 F. App'x 823, 827 (6th Cir. 2014) (citation omitted). Curruthers fails to provide clear and convincing evidence of fraud, misrepresentation, or other misconduct by the Government with his Rule 60 Motion. He is not entitled to relief under subsection (3).

Under Rule 60(b)(4), a judgment is void if it is "premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Curruthers fails to allege any jurisdictional error or violation of due process that would entitle him to relief under this subsection.

Rule 60(d)(3) is a "savings clause" that is available only in "unusual and exceptional circumstances." *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (citation omitted). Relief under this provision is limited to "the most egregious conduct involving a corruption of the judicial process itself." *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012) (quotation omitted). A party seeking relief under this provision must present clear and convincing evidence of:

> 1) [conduct] on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.

*Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)). Although Curruthers makes the conclusory allegations that both the Government and the Court engaged in fraud, he fails to present any evidence to support his conclusions, much less the clear and convincing evidence that would satisfy the requirements of *Johnson* and *Carter*. Curruthers is not entitled to relief under Rule 60(d)(3).

Curruthers fails to demonstrate that he is entitled to relief under Rule 60(b)(3), (4) or 60(d)(3). His Rule 60 Motion (ECF No. 41) is **DENIED**.

**IT IS SO ORDERED** this 19th day of October, 2026.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE